UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JOSEPH ZUNIGA,<br>        Petitioner,<br>   v.<br>C. E. DUCART,<br>        Respondent. | Case No. 14-cv-03489-JSC<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in state court.[1] He has paid the filing fee. Because the petition states cognizable claims for relief, a response from Respondent is warranted.

## BACKGROUND

In 2010, Petitioner was convicted in Santa Cruz County Superior Court of assault after entering a guilty plea. Based upon this conviction and a number of sentencing enhancements, including those for prior convictions, the trial court sentenced Petitioner to a term of 20 years in state prison. Petitioner did not appeal the judgment directly. Beginning in 2013, however, he filed habeas petitions in the superior court, the California Court of Appeal, and the California Supreme Court, all of which were denied. The instant federal petition followed.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1 at 7.)

**DISCUSSION**

I. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims that: (1) he received ineffective assistance from trial counsel who failed to file a discovery motion, failed to investigate favorable evidence, failed to collect physical evidence and medical records, hired an ineffective investigator, and failed to investigate why a witness was placed into a witness protection program; and (2) the trial court enhanced his sentence based upon an "illegal" prior "strike" conviction. When liberally construed, these claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form within **twenty-eight (28) days** of the date this Order is issued. If Respondent consents to a Magistrate Judge's jurisdiction, then Respondent shall file with the Court and serve on Petitioner, within **ninety-one(91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been

transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE