UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CARLOS JOSEPH ZUNIGA,

    Petitioner,

  vs.

C.E. DUCART,

    Respondent.

No. C 14-3489 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is barred by the statute of limitations. Petitioner has not filed an opposition but did file a motion for a certificate of appealability. The court will still look to the merits of the motion to dismiss and for the reasons that follow, the motion will be granted.

## DISCUSSION

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the

exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).  The one-year period may start running from "the expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced to twenty years in prison on November 4, 2010, after he pled no contest to assault with a deadly weapon and admitted certain enhancements and a prior strike.  Petition at 78-81.  Petitioner did not directly appeal and the time to do so expired on January 3, 2011, sixty days after the judgment.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a).  Thus, petitioner's one-year limitations period began to run on January 4, 2011, and expired on January 3, 2012.  *See* 28 U.S.C. § 2244(d)(1).  The instant federal petition filed on July 29, 2014, is untimely absent tolling.[1]

On August 11, 2013, petitioner filed a habeas petition in Santa Cruz County Superior Court, that was denied on November 15, 2013.  Motion to Dismiss ("MTD"), Ex. 1, 2.  On January 8, 2014, he filed a habeas petition in the California Court of Appeal that was denied on February 11, 2014.  MTD, Ex. 3.  On March 28, 2014, he filed a habeas petition in the California Supreme Court that was denied on June 11, 2014.  MTD. Ex. 4, 5.  This federal petition was filed on July 29, 2014.

All of petitioner's state habeas petitions were filed more than a year and a half after the expiration of the statute of limitations.  Petitioner will not receive statutory tolling for any of these petitions as they were filed after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Thus, this petition is untimely.

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

As noted above, petitioner did not file an opposition to the motion to dismiss. In his petition he states that any delay in seeking relief was caused by his lack of knowledge of the law, placement in the security housing unit, the discovery of new evidence, and the decisions by the Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

A pro se petitioner's lack of legal sophistication alone is not an extraordinary circumstance to justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner provides no specific information regarding his time in the security housing unit and how it prevented him from timely filing a petition. Nor does he adequately describe the new evidence that was discovered and how it would affect the statute of limitations.

Under § 2244(d)(1)(C), the one-year limitation period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In interpreting an analogous provision for federal prisoners seeking to file under § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

It appears that petitioner argues he is entitled to a later start date of the statute of limitations due to the Supreme Court's decision in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which he contends established a new constitutional rule. *Frye* and *Lafler* concerned defense counsel's failure to communicate to defendant a formal plea offer from the prosecution regarding a plea with favorable terms and conditions and allowing that offer to lapse. *Frye*, at 1410; *Lafler*, at 1383. The Supreme Court found this constituted deficient performance. *Id*.

However, petitioner's claims in this petition do not concern any failure by trial counsel to communicate a favorable plea offer, as was the situation in *Frye* and *Lafler*.

Petitioner argues that counsel failed to investigate, failed to file a discovery motion, and failed to collect any physical evidence or medical records. He also argues that counsel was ineffective at sentencing.

Even assuming that *Frye* and *Lafler* were relevant to petitioner's case, he would not be entitled to a later start date of the statute of limitations. This contention has been directly rejected by the Ninth Circuit. In *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held that neither *Frye* nor *Lafler* decided a new constitutional rule but rather applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and extended it to the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985). "Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government." *Buenrostro*, 697 F.3d at 1140. Petitioner is not entitled to an alternate start date of the statute of limitations under § 2244(d)(1)(C).[2] For all these reasons, the petition is untimely.

## CONCLUSION

1. Respondent's motion to dismiss (Docket No. 9) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

2. The motion for a certificate of appealbility (Docket No. 10) is **DENIED.**

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

---

[2] Even if petitioner was entitled to a later start date, the instant federal petition is still untimely. *Lafler* and *Frye* were decided on March 21, 2012. Petitioner did not file his first state habeas petition until August 11, 2013, nearly a year and a half after the Supreme Court issued the decisions. Even if petitioner had one year from the Supreme Court decisions, he was nearly five months late in filing the state petitions.

4

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims because reasonable jurists would not find the court's findings debatable. The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: April 13, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Zuniga3489.mtd.wpd